IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jiang Zhu, a Chinese Individual,<br><br>Plaintiff,<br><br>v.<br><br>Luohe Chechou Trading Co., Ltd. dba FIPPLEY, a Chinese Limited Company<br><br>Defendants. | Case No. 1:23-cv-03409<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Jiang Zhu ("Plaintiff"), by and through its attorneys of record, complains as follows against Defendant Luohe Chechou Trading Co., Ltd. dba FIPPLEY ("Defendant"), on information and belief:

### I.     NATURE OF THE ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

### II.     PARTIES

2. Plaintiff is an individual located in China with a current address of No. 1996 Zhangyang Road, Pudong District, Shanghai, China.

3. On information and belief based the DMCA Counter-Notice provided by Defendant, Defendant is a Chinese Limited Company that goes by the name Luohe Chechou Trading Co., Ltd. dba FIPPLEY.

4. On information and belief, Defendant operates an Amazon store under the name FIPPLEY that sells infringing products.

5. Within the DMCA Counter-Notice, Defendant provided an address of Room 1307, Building 5, South Lanhu District, Intersection of Wuyi Road and Liujiang Road, Yuanhui District, Luohe City, Henan Province in China.

6. Defendant's email address of 15515281506@163.com was also provided within the DMCA Counter-Notice.

### III.     JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction) and 1338(a) (action arising under an Act of Congress relating to trademarks and copyrights).

8. Venue is proper in this action under 28 U.S.C. § 1391(b)(2) because Defendant does business within the state of Illinois, a substantial part of the harm from the events or omissions giving rise to the claims occurred in this judicial district, thereby subjecting Defendant to personal jurisdiction in this judicial district.

9. This Court may properly exercise personal jurisdiction over Defendant since Defendant directly targets business activities toward consumers in the United States, including Illinois, at least through its fully interactive e-commerce store on Amazon.com. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating its Amazon e-commerce store that target United States consumers, offering shipping to the United States, including Illinois, accepting payment in U.S. dollars and, on information and belief, have sold products using infringing content to residents of Illinois. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

10. Defendant has consented to the jurisdiction of any judicial district in which Amazon may be found in accordance with 17 U.S.C. § 512(g)(3)(D). Amazon has numerous locations within this district, including but not limited to Amazon Prime Now - UIL1 located at 1111 N Cherry Ave, Chicago, IL 60642; Amazon HCH2 located at 2350 S Wood St, Chicago, IL 60608; Amazon Cicero (DLN2) located at 1500 S Laramie Ave, Cicero, IL 60804; and many more warehouses, lockers, and other locations.

### IV. FACTS

11. Plaintiff is the owner of the copyright in and to a visual work depicting two red cherries (the "Work") and has been granted U.S. Copyright Registration No. VA0002275432. A copy of the U.S. Copyright Registration is attached hereto as Exhibit 1. A photographic depiction of the Work as displayed for sale on a bathmat is attached hereto as Exhibit 2.

12. The Work constitutes copyrightable subject matter pursuant to 17 U.S.C. § 102(a)(1).

13. The Work was originally created in 2020 and published on May 1, 2021.

14. On October 18, 2021, the United States Copyright Office granted Plaintiff registration of the Work resulting in Registration No. VA0002275432.

15. Plaintiff sells certain products embodying the Work on its Amazon store. A true and correct copy of one such product being sold by Plaintiff the embodies the Work is attached hereto as Exhibit 2.

16. As the copyright owner of the Work, Plaintiff enjoys the exclusive right to reproduce the Work in copies, prepare derivative works and to distribute copies of the Work to the public by sale, other transfer of ownership, rental or lease under 17 U.S.C. § 106.

17. On or about November 25, 2022, Defendant began selling an infringing product on its Amazon store that embodied the Work. Attached hereto as Exhibit 3 is a true and correct copy of Defendant's infringing product listing.

18. At no time did Defendant seek permission from Plaintiff to reproduce, display, copy of otherwise exploit the Work.

19. Defendant has not been granted permission from Plaintiff to reproduce, display, copy or otherwise exploit the Work.

20. Defendant had actual or constructive notice of Plaintiff's copyright registration in and to the Work.

21. Upon discovering Defendant's infringing product, Plaintiff sent a takedown notice to Amazon pursuant to the Digital Millennium Copyright Act ("DCMA) and the infringing products were removed in response.

22. Defendant subsequently submitted a DMCA Counter-Notice to Amazon, which was provided to Plaintiff, making this litigation necessary in order to protect Plaintiff's intellectual property rights.

23. Plaintiff believes Defendant's DMCA Counter-Notice to Amazon was made in bad faith in the hope Plaintiff would not pursue litigation, as Defendant has no reasonable belief that the infringing product was removed due to any mistake or misidentification.

### V. CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

24. Plaintiff hereby repeats and realleges the allegations set forth in Paragraphs 1 through 23 above.

25. Plaintiff holds the exclusive right to, among other things, reproduce the Work pursuant to 17 U.S.C. § 106(1).

26. Plaintiff holds the exclusive right to prepare derivative works based on the Work pursuant to 17 U.S.C. § 106(2).

27. Plaintiff holds the exclusive right to distribute copies of the Work pursuant to 17 U.S.C. § 106(3).

28. Defendant reproduced the Work for a commercial purpose without authorization to do so in derogation of Plaintiff's rights under 17 U.S.C. §§ 106(1)-(3).

29. Defendant had actual or constructive notice of Plaintiff's copyright ownership in and to the Work.

30. Defendant willfully engaged in copyright infringement of the Work.

31. Defendant's actions have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will continued, and Plaintiff will continue to suffer damages and irreparable injury. Plaintiff is entitled to injunctive relief through 17 U.S.C. § 502.

## VI.  PRAYER FOR RELIEF

Plaintiff requests that this Court enter judgment against Defendant as follows:

1. For judgment in favor of Plaintiff against Defendant on all claims;

2. That pursuant to 17 U.S.C. § 502 and its inherent equitable powers, the Court issue a permanent injunction restraining and enjoining Defendant from reproducing, distributing copies of, making derivative works of, or publicly displaying Plaintiff's copyrighted Work;

3. That pursuant to 17 U.S.C. § 502 and its inherent equitable powers, Defendant's infringing Amazon listing be permanently removed from all online platforms and/or physical stores and Defendant be permanently restrained from future infringement of Plaintiff's Work;

4. Entry of an Order that, upon Plaintiff's request, any online platform or physical store provided reasonable notice of the injunction, shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the infringing product using Plaintiff's Work and/or remove or destroy all such infringing listings or products;

5. A finding that Defendant willfully infringed the Work;

6. That pursuant to 17 U.S.C. § 504, Plaintiff recover actual damages and Defendant's profits, such sums to be proven at trial;

7. Alternatively, and at Plaintiff's election prior to any final judgment being entered, an award of statutory damages provided by law up to $150,000 per work infringed, pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c);

8. An award of attorney fees and costs pursuant to 17 U.S.C. § 505;

9. An award of pre- and post- judgment interest; and

10. Grant such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury pursuant to Federal Rule of Civil Procedure 38.

Dated this 30th day of May, 2023.

**BAYRAMOGLU LAW OFFICES LLC**

By: /s/ *David Silver*
DAVID SILVER, ESQ.
david@bayramoglu-legal.com
1540 West Warm Springs Road, Suite 100
Henderson, Nevada 89052
Tel.: (702) 462-5973
Fax: (702) 553-3404
Attorneys for Plaintiff